# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THORNBERG,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY D. JONES, et al.,<br><br>    Defendants. | Case No. CV 17-2676 DSF (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court dismisses the action with prejudice for failure to prosecute and for failure to respond to court orders.

\* \* \*

1. This is a civil rights action involving a former federal prisoner. Plaintiff Thornburg accused several correctional officers at the Lompoc federal prison of misconduct during his incarceration.

2. Magistrate Judge Wilner screened several versions of Plaintiff's complaints. 28 U.S.C. § 1915A. Judge Wilner ultimately authorized service of process on three of the officers. (Docket # 6, 7, 41, 42.)

3. The government (representing the correctional officers) moved to dismiss the operative versions of the complaints. In October 2018, the assigned district judge (Judge Fischer) accepted Magistrate Judge Wilner's recommendation to dismiss the complaints: (a) without leave to amend against two of the officers; and (b) with leave to amend against a third. (Docket # 73-74.)

4. Judge Wilner then issued several orders requiring Plaintiff to file an amended complaint or dismiss the action. Those orders were returned by the Postal Service as undeliverable.[1] (Docket # 75-79.)

5. In early January 2019, Plaintiff filed a response to an order to show cause regarding the action. (Docket # 81.) Plaintiff discussed his difficulties in changing his local post office box address. However, Plaintiff failed to explain whether he intended to pursue an amended complaint against the remaining officer.

6. Judge Wilner issued a fourth post-dismissal order to Plaintiff. (Docket # 82.) The order gave Plaintiff a final deadline in mid-February 2019 to either amend his complaint or request dismissal of the action. The order specifically informed Plaintiff that his action was subject to dismissal under Federal Rule of Civil Procedure 41. The order also cited the Ninth Circuit's recent opinion (Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019)) regarding dismissal of civil actions.

7. Plaintiff failed to file an amended complaint (or any other response) by the deadline. As a result, since the dismissal of the earlier complaints in October 2018, Plaintiff has not pled a viable cause of action against any party.

\* \* \*

---

[1] Plaintiff was discharged from Lompoc and placed on supervised release in this district in 2018. He apparently changed his mailing address several times following his release.

2

8. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

9. Rule 41(b) authorizes a court to dismiss a civil action when a plaintiff "has not filed an amended complaint after being given leave to do so and has not notified the court of his intention not to file an amended complaint." Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing of an amended complaint" and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, 913 F.3d at 892.

10. A district court must consider a variety of factors before dismissing an action under Rule 41(b). They are: the public's interest in the expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic alternatives to dismissal. Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999).

\* \* \*

11. In the present action, dismissal is appropriate. Plaintiff did not respond to any of the magistrate judge's orders directing Plaintiff to file an amended complaint. The most recent order (sent to Plaintiff's updated address) expressly ordered Plaintiff to file a complaint by a reasonable deadline or risk dismissal under Rule 41(b). (Docket # 82.) Plaintiff has not presented an amended complaint since the dismissal of the last iteration in October 2018.

12. Plaintiff's failure to respond to the Court's order demonstrates that he has no interest in advancing the action on the merits of his claim. By

contrast, the Court, the defense, and the public have a strong interest in terminating this action. Furthermore, because Plaintiff is a pro se litigant who has not abided by the Court's recent orders, no sanction short of dismissal will be effective in moving this case forward. Omstead, 594 F.3d at 1084. The Court finds that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

13. Accordingly, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: March 12, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE